E-filing

1   TOWNSEND AND TOWNSEND AND CREW LLP
    JAMES G. GILLILAND, JR. (State Bar No. 107988)
2   jggilliland@townsend.com
    TIMOTHY R. CAHN (State Bar No. 162136)
3   trcahn@townsend.com
    HOLLY GAUDREAU (State Bar No. 209114)
4   hgaudreau@townsend.com
    Two Embarcadero Center, 8th Floor
5   San Francisco, California 94111
    Telephone:  (415) 576-0200
6   Facsimile:  (415) 576-0300

7   JENNIFER Y. LIU (State Bar No. 164618)
    jennifer_liu@playstation.sony.com
8   SONY COMPUTER ENTERTAINMENT AMERICA INC.
    919 East Hillsdale Boulevard, 2nd Floor
9   Foster City, California 94404
    Telephone:  (650) 655-8000
10  Facsimile:  (650) 655-8042

11  Attorneys for Plaintiff
    SONY COMPUTER ENTERTAINMENT AMERICA INC.
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15

16  SONY COMPUTER ENTERTAINMENT          Case No.   C08-03954  SI
    AMERICA INC., a Delaware Corporation,
17                                        **COMPLAINT FOR DAMAGES AND
                    Plaintiff,            INJUNCTIVE RELIEF BASED ON
18                                        DIRECT AND CONTRIBUTORY
            v.                            COPYRIGHT INFRINGEMENT;
19                                        TRADEMARK INFRINGEMENT
    GABRIEL GARCIA a/k/a GABRIEL GARCIA   (COUNTERFEITING); COMMON
20  PALACIOS, an individual, d/b/a GABE'S LAW TRADEMARK
    REPAIR/HOME NETWORKING AND            INFRINGEMENT; VIOLATION OF
21  VIDEO GAME MOD SERVICE; TIMOTHY       DIGITAL MILLENNIUM
    JOEY ZOUCHA, JR., an individual; DOES 1- COPYRIGHT ACT; FEDERAL
22  20 inclusive,                         UNFAIR COMPETITION;
                                          CALIFORNIA UNFAIR
23                  Defendants.           COMPETITION; AND FOR AN
                                          ACCOUNTING AND
24                                        CONSTRUCTIVE TRUST**

25
                                          **DEMAND FOR JURY TRIAL**
26

27

28

Plaintiff Sony Computer Entertainment America Inc. ("SCEA") hereby alleges as follows:

**PRELIMINARY STATEMENT**

1.      By this action, SCEA seeks to halt the ongoing, blatant copyright infringement and counterfeiting of its popular video game software for the PSP® (PlayStation® Portable) device and to recover all damages allowable by law resulting from this piracy.

2.      Defendants Gabriel Garcia and Timothy Joey Zoucha, Jr. (collectively, "Defendants") brazenly offer their services on Craigslist.org to "mod" or "unbrick" PSP® consoles so as to allow illegal unauthorized copies of SCEA's video game software to operate on the unlawfully modified PSP® console.  Indeed, Defendant Garcia offers for sale **over 500** counterfeit games which he promotes as part of a "package deal" in conjunction with modification of the PSP® console.  The games sold and distributed by Defendants are illegal copies of SCEA's copyrighted video game software.

3.      Defendants were caught red-handed distributing these counterfeit copies when SCEA's investigator responded to Defendants' Craigslist.org postings.  Defendants modified the investigator's PSP® consoles to circumvent the copyright protection measures that prevent counterfeit games from being played on the PSP® consoles.  Defendants then sold the investigator illegal copies of SCEA's video game software.

4.      Unless enjoined, Defendants will continue to willfully violate SCEA's intellectual property rights by selling counterfeit video game software.  The harm to SCEA is manifest.  SCEA has made and continues to make a substantial investment of time, effort and expense in the marketing and development of its interactive entertainment software games.  Indeed, according to the Entertainment Software Association, global piracy is estimated to have cost the U.S. industry as a whole over $3 billion in 2007 alone, not including losses resulting from piracy on the Internet.  Defendants' willful and infringing conduct contributes to this growing problem of piracy.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over the claims relating to the Copyright Act (17 U.S.C. §§ 101, 501), the Lanham Act (15 U.S.C. § 1051, *et seq.*), and the Digital Millennium Copyright Act (17 U.S.C. § 1201), pursuant to 28 U.S.C. §§ 1331 (federal subject matter jurisdiction),

1 | 28 U.S.C. §§ 1338 (a) (any act of Congress relating to copyrights, patents, and trademarks), and 15

2 | U.S.C. § 1121 (Lanham Act). This Court has subject matter jurisdiction over the related state law

3 | claim under 28 U.S.C. § 1367 (action asserting a state claim of unfair competition joined with a

4 | substantial and related federal claim under the patent, copyright or trademark laws) and the doctrines

5 | of ancillary and pendent jurisdiction.

6 |         6.      This Court has personal jurisdiction over the Defendants as the Defendants reside in

7 | California and have sold unlawful and infringing products in California.

8 |         7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a

9 | substantial part of the events giving rise to the claims alleged herein occurred in this District, and the

10 | Defendants are subject to personal jurisdiction in this District.

11 |                        **INTRADISTRICT ASSIGNMENT**

12 |         8.      Intra-district assignment to any division of the Northern District is proper under Local

13 | Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

14 |                                **PARTIES**

15 |         9.      SCEA is a Delaware corporation with its headquarters and principal place of business

16 | at 919 East Hillsdale Boulevard, Foster City, California 94404. SCEA is engaged in the business of

17 | marketing and distributing computer video game console hardware and peripheral accessories and

18 | developing, marketing and distributing video game software.

19 |         10.     SCEA is informed and believes and on that basis alleges that Defendant Gabriel Garcia

20 | ("Defendant Garcia") is an individual residing at 197 N. Cragmont, San Jose, California 95127 and is

21 | the owner of a business know as "Gabe's P.C. Repair/Home Networking and Video Game Mod

22 | Service." Defendant Garcia has reproduced, displayed and distributed to the public unauthorized

23 | copies of SCEA's copyrighted video game software. Defendant Garcia has also promoted and offered

24 | for sale his services to modify PSP® consoles for the purpose of circumventing SCEA's copyright

25 | protection mechanisms, which prevent illegally copied games from being played on PSP® consoles.

26 |         11.     SCEA is informed and believes and on that basis alleges that Defendant Timothy Joey

27 | Zoucha, Jr. ("Defendant Zoucha") is an individual residing at 815 Deland Avenue, San Jose,

28 | California 95128. Defendant Zoucha has reproduced, displayed and distributed to the public

1  unauthorized copies of SCEA's copyrighted video game software.  Defendant Zoucha has also

2  promoted and offered for sale his services to modify PSP® consoles for the purpose of circumventing

3  SCEA's copyright protection mechanisms, which prevent illegally copied games from being played on

4  PSP® consoles.

5      12.    SCEA is unaware of the true names and capacities of the Defendants named as "Does"

6  herein.  SCEA is informed and believes and on that basis alleges that each of the Doe defendants is

7  legally liable and responsible directly or indirectly for the matters alleged herein.  SCEA will seek

8  leave to amend this Complaint to show the true names and capacities of the Doe defendants when, and

9  if, they become known.

10     13.    SCEA is informed and believes and on that basis alleges that at all times mentioned in

11  this Complaint each of the Defendants, including Does 1 – 20, was the agent or principal or both for

12  one another, was acting within the scope of such agency when engaging in the conduct alleged in this

13  Complaint, and is jointly and severally liable for all damages and profits arising from the conduct

14  described herein.

15                          **GENERAL ALLEGATIONS**

16  **I.     SCEA and the PSP® (PlayStation®Portable) System**

17     14.    SCEA is a wholly-owned subsidiary of Sony Computer Entertainment Inc. ("SCEI"), a

18  Japanese corporation which is itself a wholly-owned subsidiary of Sony Corporation of Japan.  Sony

19  Computer Entertainment Europe Ltd. ("SCEE") is the sister company of SCEA.

20     15.    SCEA is engaged in the business of marketing and distributing the PlayStation® family

21  of computer entertainment systems.  Among the many products SCEA sells is the PSP®

22  (PlayStation®Portable) handheld entertainment system (the "PSP® System"), a highly sophisticated

23  apparatus that, in conjunction with compatible video game software, realistically simulates three-

24  dimensional action.

25     16.    The PSP® System has enjoyed wide success throughout the United States and the

26  world.  Over 12,000,000 PSP® consoles have been shipped in North America since the product

27  release in March 2005.  There are hundreds of different game titles currently available for the PSP® in

28  the United States.  These validly licensed games typically sell at retail for between $19.99 and $39.99.

17.     SCEA, in conjunction with affiliated companies, develops and publishes video game software for the PSP® System, and SCEA has registered its copyrights in software developed by or for SCEA.  SCEA has also registered trademarks for the titles of many of its games.  SCEA has made and continues to make a substantial investment of time, effort and expense in the design, development, testing, manufacturing and marketing of its interactive entertainment game software.

18.     In addition to developing its own software games, SCEA licenses third party interactive software developers to develop interactive entertainment software products for the PSP® System. These licenses authorize the third party licensees to use proprietary PSP® technology to develop games for the PSP® System.  The third party licensees are authorized to publish and distribute their games incorporating the proprietary PSP® technology and to use the PSP® trademarks and copyrighted designs in connection with those games.  SCEA receives a per-unit royalty on each PSP® game manufactured pursuant to its licenses with third party publishers.

**A.     SCEA's Copyrights, Copyright Licenses and Copy Protection Mechanisms**

19.     SCEA's PSP® games and all games validly licensed to be played on the PSP® System are programmed with code, commonly referred to as "Library Codes," that permits interaction with the central processing unit and microprocessors in the PSP® System.

20.     The Library Codes are original works of authorship constituting copyrightable subject matter.

21.     SCEI has registered with the U.S. Copyright Office exclusive rights in the Library Codes under the title of the "PSP (PlayStation Portable) Programmer Tools," or alternatively, the "PSP (PlayStation Portable) Library Codes" ("PSP® Library Codes) [Registration No. TX 0006181674].  SCEI to SCEA licensed the exclusive rights to use, copy, and distribute the PSP® Library Codes in the United States, and SCEA is authorized to sublicense the use of the PSP® Library Codes to third party developers and publishers in the United States.

22.     SCEA's video game software embodies a large amount of audiovisual material, stories, and characters that are wholly original to SCEA and are copyrightable subject matter pursuant to 17 U.S.C. § 102.  As a result, SCEA owns or is the exclusive licensee to copyrights in the audiovisual images, stories, characters and other protectable features of its games.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                                   5
Case No. _____

23.     SCEA is the sole owner and/or exclusive licensee of all rights, title, and interest in and to the copyright registrations for the following computer games at issue in this Complaint: *Ape Escape® Academy* [Registration No. PA 0001595659]; *Ape Escape®: On the Loose* [Registration No. PA0001293075]; *ATV Offroad Fury® Pro* [Registration No. PA 0001595735]; *Daxter* [Registration No. PA0001595743]; *Gangs of London®* [Registration No. PA0001595519]; *Hot Shots Golf: Open Tee®* [Registration No. PA0001293074]; *Killzone®: Liberation* [Registration No. PA0001595597]; *Lemmings®* [Registration No. PA0001595745]; *Twisted Metal®: Head On* [Registration No. PA0001293080]; and *wipEout® PURE* [Registration No. PA0001294290].

24.     SCEA also owns copyrights in the following computer games at issue in this Complaint, which are not yet registered: *Everybody's Golf, FlOw, God of War®, God of War®: Chains of Olympus, PaRappa The Rapper™, Patapon™, MLB® 08 The Show™* and *wipEout® PULSE*.

25.     All genuine PSP® Systems are manufactured with a technological measure ("Security Mechanism") that prevents unauthorized, unlicensed or copied software from playing on the PSP® System. A legitimate, authorized and/or licensed game contains code that verifies the disc's authenticity, allows the PSP® System to boot, and allows the video game disc to play on the PSP® System. The Security Mechanism cannot be replicated using commercial CD or DVD burners. Unauthorized, unlicensed and copied games do not have the Security Mechanism, cannot boot the PSP® System up and will not play on the PSP® System. The Security Mechanism prevents, restricts or otherwise limits access to the copyrighted video game software.

**B.     SCEA's Trademarks and Trademark Licenses**

26.     SCEA is the exclusive licensee of the trademarks for "PSP" [Registration No. 3147147], the "PSP" stylized design mark [Registration No. 3025454], and the "Sony Computer Entertainment" mark [Registration. No. 2022642] (collectively, "PSP® Trademarks"). The marks are registered, and the registrations for these marks are valid, extant, and in full force and effect. The registration for "Sony Computer Entertainment" has become incontestable under the provisions of 15 U.S.C. § 1065.

27.     SCEA owns trademarks for the following game titles at issue in this Complaint: *ATV*

1    *Offroad Fury*® [Registration No. 2739795]; *God of War*® [Registration No. 3064169]; *Hot Shots*

2    *Golf: Open Tee*® [Registration No. 3298509]; and *Twisted Metal*® [Registration No. 3149183].  The

3    marks are registered, and the registrations for these marks are valid, extant, and in full force and

4    effect.

5        28.    SCEA is the exclusive licensee for the trademark for *Ape Escape*® [Registration No.

6    2816765]; *Gangs of London*® [Registration No. 3343783]; and *Killzone*® [Registration No. 3259104]

7    in the United States.  The marks are registered, and the registrations for these marks are valid, extant,

8    and in full force and effect.

9        29.    SCEA has used in commerce *PaRappa The Rapper*™ and *Patapon*™.  By virtue of

10   having used and continuing to use *PaRappa The Rapper*™ and *Patapon* ™, SCEA has acquired

11   common law rights in the marks.

12       30.    To distinguish the products of SCEA and its licensees in the marketplace, SCEA and its

13   licensees have, among other things, prominently displayed the PSP® Trademarks and the trademark

14   game titles ("Game Trademarks) (collectively, "Trademarks") on their goods, and in advertising and

15   marketing and packaging materials distributed throughout the United States.  Moreover, the

16   trademarked games titles are displayed on the screen when the games are played on the PSP® console.

17   The PSP® Trademarks are also displayed when a game is played.  SCEA's trademarks have come to

18   identify SCEA as the source or sponsor of a specific series of interactive simulation entertainment

19   hardware and software products.

20       31.    SCEA has invested substantial time and money in promoting the Trademarks in

21   connection with the marketing and sale of its products and the products it licenses in North America.

22   As a result, the Trademarks have become, through widespread and favorable public acceptance and

23   recognition, an asset of substantial value as a symbol of SCEA and its quality products and goodwill.

24       32.    SCEA continuously has used the Trademarks in interstate commerce, from the dates

25   indicated in the applications or earlier, until the present and during all time periods relevant to the

26   claims in this Complaint.  SCEA has used the Trademarks exclusively to identify goods and services

27   distributed and provided by SCEA.  Since the issuance of the registrations for these Trademarks,

28   SCEA has given notice that they are registered.

## II.    Defendants' Infringing Conduct

33.    Starting at an unknown time in the past, and continuing to the present, Defendants willfully have distributed, reproduced, promoted, marketed, offered for sale to the public, and/or sold counterfeit copies of SCEA's video computer game software.

34.    Defendants have also modified PSP® consoles through the use of a specially modified battery ("Circumvention Device") that impermissibly circumvents the PSP® System security mechanism and facilitates the infringement of the copyrighted video game software, PSP® Library Codes and the infringement of the Trademarks.  Illegal unauthorized copies of SCEA's video game software will not play on an unmodified PSP® console, but if the specially modified battery is installed and used in conjunction with games copied on to a memory stick, then such illegal copies will play.

35.    SCEA is informed and believes and on that basis alleges that the Circumvention Device that Defendants install, market, distribute, and/or sell was designed or produced primarily to bypass the PSP® System security mechanism to play unauthorized copies of PSP® video game software, thus infringing SCEA's intellectual property rights, and has only limited commercially significant purposes other than to accomplish these infringements.

36.    The PSP® System's software media, console architecture and Security Mechanism were designed to allow only the operation of legitimate, Sony-manufactured, licensed and approved software.  By taking these precautions, SCEA has been able to protect its exclusive rights to copy, sell, distribute and manufacture the copyrighted video game software and the PSP® Library Codes, and to create derivative works.  In addition, SCEA has been able to protect its substantial investment in the development, creation, and distribution of the game consoles, the copyrighted video game software and the PSP® Library Codes.

### A.    Defendant Garcia

37.    Defendant Garcia touts himself as "THE ONLY TRUE FIRST PSP MODDER ON CRAIGSLIST."  Defendant Garcia offers for sale "500+ PSP games" as part of a "package deal" in conjunction with providing services to modify the PSP® console.  Not surprisingly, Defendant Garcia requires that all of these transactions be "cash only."

38.    Defendant Garcia unlawfully displays SCEA's trademarks in his Craigslist.org postings to promote his offers for sale and distribution of counterfeit copies of SCEA's video game software.

39.    SCEA's investigator responded to Defendant Garcia's posting, and thereafter corresponded with Defendant via email.  In one email, Defendant Garcia included a list of hundreds of counterfeit PSP® games he offers for sale.  The investigator signed up for Defendant Garcia's "Super Spring Deal" for $80.00, which included modifying the PSP® console and 100 copied PSP® games.

40.    Defendant Garcia consummated the transaction at his residence.  Defendant Garcia removed the existing battery from the investigator's PSP® console and installed the Circumvention Device to modify the PSP® console.  Upon completion of that process, Defendant Garcia sold the investigator 11 DVD-Rs loaded with illegally copied PSP® video game software.  Defendant Garcia thereafter inserted two of the DVD-Rs in his computer to copy them onto a memory stick, and explained to the investigator how to download games from the computer to the modified PSP® console.

41.    Defendant Garcia sold to the investigator the following illegally copied video game titles published by either SCEA, SCEE or a third party licensee:  *300: March to Glory™, 007: From Russia With Love®, 50 Cent® Bulletproof G-Unit® Edition, Ace Combat X®: Skies of Deception, Aedis Eclipse: Generation of Chaos, After Burner: Black Falcon™, Alien Syndrome®, Aliens v Predator®:  Requiem, Ape Escape® Academy, Ape Escape®: On the Loose, Atari® Classics Evolved, ATV Offroad Fury® Pro, Avatar: The Last Airbender®, Beats™, Beowulf™, Blitz: Overtime®, Blokus® Portable Steambot Championship, Bomberman®, Brave Story: New Traveler, Brothers In Arms® D-Day, Cabela's® Dangerous Hunts Ultimate Challenge, Call of Duty®: Roads to Victory, Capcom® Classics Collection Volume 2, Capcom® Puzzle World, Castlevania®: The Dracula X Chronicles, Chili Con Carnage™, Coded Arms®: Cotagion, Crash of the Titans, Crazy Taxi™: Fare Wars, Crisis Core™: Final Fantasy® VII, Daxter, Darkstalkers Chronicle®: The Chaos Tower, Dead to Rights® Reckoning, Dead Head Fred ®, Death Jr.™ 2: Root of Evil, Downstream Panic!, Driver 76, Def Jam® Fight for NY™: The Takeover, Dynasty Warriors® Vol. 2, Every Extend Extra®, Everybody's Golf, Fading Shadows, Family Guy®, FIFA® Soccer 2005, FIFA® '06, FIFA® '07, FIFA® Street 2, Fight Night Round 3, Final Fantasy®, Final Fantasy II®, Final Fantasy Tactics®:*

1   *The War of the Lions™, FlatOut: Head-On, Ford® Street Racing, F1 World Grand Prix, Frogger*

2   *Helmet Chaos®, Gangs of London®, God of War®: Chains of Olympus, Grand Theft Auto®: Liberty*

3   *City Stories, Grand Theft Auto®: Vice City Stories®, Gurumin: A Monstrous Adventure, Harry*

4   *Potter And The Goblet of Fire®, Harvest Moon Innocent Life, Heatseeker™, Justice League*

5   *Heroes®, The Legend of Heroes®, LEGO® Starwars II: The Original Trilogy, Me and My*

6   *Katamari®, KAZook, Medal of Honor® Heroes 2, Metal Gear Solid: Portable Ops, Metal Slug*

7   *Anthology, Miami Vice™, NASCAR® 07, Naruto™: Ultimate Ninja® Heroes, Need for Speed™*

8   *Carbon: Own The City, Need for Speed™: Most Wanted, PaRappa The Rapper™, Peter Jackson's*

9   *King Kong®: The Official Game of the Movie, Pirates of the Caribbean: Dead Man's Chest®, Pilot*

10  *Academy, Pro Evolution Soccer™ 5, Scooby Doo! Who's Watching Who?®, Silent Hill®: Origins,*

11  *SpongeBob Squarepants®: The Yellow Avenger, Street Fighter® Alpha 3 MAX, Tiger Woods® PGA*

12  *Tour® '07, TLOH III: SOTO, Tony Hawk's® Underground 2 Remix, Twisted Metal – Head On®,*

13  *Ultimate Ghosts n' Goblins™, wipEout® PURE* and *X-Men® Legends II: Rise of Apocalypse.*

14      42.     Defendant Garcia also provided the investigator with a "How To Use Your PSP Mods"

15  guide on DVD.  These instructions show how to copy PSP® games from a computer to the modified

16  PSP® console to allow the operation of illegally copied games.  The guide also directs users to a

17  website at *www.geocities.com/bestpspmods/PSPLISTS/html?200812*, which features a list of hundreds

18  of copied games available for sale.

19      **B.     Defendant Zoucha**

20      43.     Defendant Zoucha also sells unauthorized copies of SCEA's video game software and

21  modifies PSP® consoles to play the illegal copies.

22      44.     Defendant Zoucha unlawfully displays SCEA's trademarks in his Craigslist.org posting

23  to promote his offers for sale and distribution of counterfeit copies of SCEA's video game software.

24      45.     SCEA's investigator responded to Defendant Zoucha's posting on Craigslist.org and

25  thereafter communicated with him via telephone.  Defendant Zoucha agreed to modify the PSP®

26  console for $28.00 and provide a DVD with 100 copied PSP® games for an additional $20.00.

27      46.     Defendant Zoucha consummated the transaction at his residence.  Defendant Zoucha

28  removed the existing battery from the investigator's PSP® console and installed the Circumvention

1   Device to modify the PSP® console.  Defendant Zoucha sold the investigator five DVD-Rs with

2   illegally copied games and proceeded to download games from his computer to the modified PSP®

3   console.  Defendant Zoucha told the investigator that he would give her a deal if she brought him

4   additional consoles to modify.  Defendant Zoucha also reminded the investigator that the games on the

5   DVD-R could be used on any modified PSP® console.

6        47.     Defendant Zoucha sold the investigator the following illegally copied video game titles

7   published by either SCEA, SCEE or a third party licensee:  *After Burner: Black Falcon™, Asphalt*

8   *Urban GT2®, Atari® Classics Evolved, Avatar: Legend of Aang, Ben 10®: Protector of Earth,*

9   *Bomberman®, Burnout™ Legends, Brunswick® Pro Bowling, Call of Duty®: Roads to Victory,*

10  *Castlevania®: The Dracula X Chronicles, Chessmaster®: The Art of Learning, Crisis Core™: Final*

11  *Fantasy® VII, Crush™, Daxter, Dead Head Fred®, Dragon Ball Z®:  Shin Budokai, Dungeon*

12  *Siege®: Throne of Agony, FIFA® Soccer 08, FIFA® Street 2, FlOw, God of War®, Gradius®*

13  *Collection, Hard Rock Casino®, Hot Shots Golf: Open Tee®, Infected®, Killzone®: Liberation, The*

14  *King of Clubs, Lemmings®, Lumines®, Luxor™: Pharaohs Challenge, Madden NFL® 08,*

15  *M.A.C.H.™ Modified Air Combat Heroes, Medal of Honor® Heroes 2, Mega Man® Maverick*

16  *Hunter®X, Mercury, Metal Slug Anthology, MLB® 08 The Show™, MVP Baseball®, MX vs. ATV™:*

17  *On the Edge, Naruto™: Ultimate Ninja® Heroes, Need for Speed™ Carbon: Own The City, Off*

18  *Road, Patapon™, Pinball, PQ: Practical Intelligence Quotient™, Prince of Persia® Rival Swords,*

19  *Pro Evolution Soccer™ 2008, Puzzle Challenge: Crosswords & More!, SBK® Superbike World*

20  *Championship, Silent: Hill® Origins, Sonic™ Rivals, Spelling Challenges And More!,* and *wipEout®*

21  *PULSE.*

22       48.     Defendants are not authorized or licensed to use any of the SCEA or SCEA-licensed

23  copyrights, nor are Defendants authorized or licensed to use any of the Trademarks.

24                          **FIRST CLAIM FOR RELIEF**
                               **(Copyright Infringement)**
25                           **(17 U.S.C. § 501 *et seq.*)**

26       49.     SCEA repeats and realleges each and every allegation set forth in the foregoing

27  paragraphs as though fully set forth herein.

28       50.     SCEI is the sole owner of all rights, title, and interest in, and SCEA is the exclusive

1  licensee of, the copyright registration for the PSP® Library Codes contained in all games validly

2  licensed to be played on the PSP® System in the United States.

3      51.    The games offered for sale by Defendants, listed in paragraphs 41 and 47 above, are

4  original computer games and constitute copyrightable subject matter.

5      52.    SCEA is the sole owner and/or exclusive licensee of all rights, title, and interest in and

6  to the copyright registrations for *Ape Escape® Academy, Ape Escape®:  On the Loose, ATV Offroad*

7  *Fury® Pro, Daxter, Gangs of London®, Hot Shots Golf:  Open Tee®, Killzone®: Liberation,*

8  *Lemmings®, Twisted Metal®:  Head On,* and *wipEout® PURE* in the United States.

9      53.    SCEA also is the sole owner of all rights, title, and interest in copyrights for

10 *Everybody's Golf, FlOw, God of War®, God of War®: Chains of Olympus, PaRappa The Rapper™,*

11 *Patapon™, MLB® The Show 08™* and *wipEout® PULSE.*

12     54.    After the registration dates for the copyrights in the games and the PSP® Library

13 Codes, Defendants have reproduced, distributed and/or displayed copies of the SCEA or SCEA-

14 licensed games listed above in violation of SCEA's exclusive rights under the Copyright Act.  SCEA

15 has not licensed or authorized Defendants' reproduction, display or distribution of the video game

16 software or PSP® Library Codes.

17     55.    SCEA is informed and believes and on that basis alleges that Defendants' infringement

18 of SCEA's copyrights has and continues to be intentional, willful and without regard to SCEA's

19 copyrights.

20     56.    SCEA is informed and believes and on that basis alleges that Defendants have gained

21 substantial profits by virtue of their infringement of SCEA's copyrights.

22     57.    SCEA will suffer and is suffering irreparable harm from Defendants' infringement of

23 SCEA's copyrights and other exclusive rights to reproduce, display and distribute copyrighted

24 materials insofar as the invaluable good will which SCEA has earned from the development and

25 distribution of its copyrighted software is being eroded by Defendants' acts.  SCEA has no adequate

26 remedy at law to compensate it for the loss of business reputation, customers, market position and

27 good will flowing from Defendants' copying and distribution of SCEA's copyrighted materials.

28 Pursuant to 17 U.S.C. § 502, SCEA is entitled to an injunction against Defendants' continuing

1 | reproduction, display and distribution of SCEA's copyrighted materials.

2 |     58.    SCEA also has sustained damages as a result of Defendants' infringement of SCEA's

3 | copyrights in an amount to be proven at trial.

4 |     59.    SCEA is entitled to recover the actual damages and any profits gained by Defendants

5 | that are attributable to their acts of copyright infringement pursuant to 17 U.S.C. § 504 (b).

6 | Alternatively, SCEA is entitled to the maximum statutory damages allowed under 17 U.S.C. § 504 (c)

7 | based on Defendants' willful acts of copyright infringement.  SCEA will make its election at the

8 | appropriate time before final judgment is rendered.

9 |     60.    SCEA is further entitled to recover its full costs and reasonable attorneys' fees pursuant

10 | to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**(Contributory Copyright Infringement)**
**(17 U.S.C. §501, *et seq.*)**

13 |     61.    SCEA repeats and realleges each and every allegation set forth in the foregoing

14 | paragraphs as though fully set forth herein.

15 |     62.    Defendants are aware that Defendants' actions as described above infringed SCEA's

16 | copyrights and exclusive rights to reproduce, display and distribute SCEA's copyrighted materials.

17 |     63.    By offering for sale and selling copies of SCEA or SCEA-licensed computer games to

18 | potential purchasers and providing services to modify PSP® consoles to allow the operation of illegal

19 | unauthorized copies of games, Defendants have induced, caused or materially contributed to the

20 | infringing conduct of potential purchasers.  By providing this knowing assistance, Defendants act in

21 | concert with copyright infringers.

22 |     64.    SCEA is informed and believes and on that basis alleges that Defendants' infringement

23 | of SCEA's copyrights has and continues to be intentional, willful and without regard to SCEA's

24 | copyrights.

25 |     65.    SCEA is informed and believes and on that basis alleges that Defendants have gained

26 | substantial profits by virtue of their infringement of SCEA's copyrights.

27 |     66.    SCEA will suffer and is suffering irreparable harm from Defendants' infringement of

28 | SCEA's copyrights and other exclusive rights to reproduce, display and distribute copyrighted

1  materials insofar as the invaluable good will which SCEA has earned from the development and

2  distribution of its copyrighted software is being eroded by Defendants' acts.  SCEA has no adequate

3  remedy at law to compensate it for the loss of business reputation, customers, market position and

4  good will flowing from Defendants' copying and distribution of SCEA's copyrighted materials.

5  Pursuant to 17 U.S.C. § 502, SCEA is entitled to an injunction against Defendants' continuing

6  infringement of SCEA's copyrighted materials.

7       67.    SCEA also has sustained damages as a result of Defendants' infringement of SCEA's

8  copyrights in an amount to be proven at trial.

9       68.    SCEA is entitled to recover the actual damages and any profits gained by Defendants

10  that are attributable to their acts of copyright infringement pursuant to 17 U.S.C. § 504 (b).

11  Alternatively, SCEA is entitled to the maximum statutory damages allowed under 17 U.S.C. § 504 (c)

12  based on Defendants' willful acts of copyright infringement.  SCEA will make its election at the

13  appropriate time before final judgment is rendered.

14      69.    SCEA is further entitled to recover its full costs and reasonable attorneys' fees pursuant

15  to 17 U.S.C. § 505.

16                          **THIRD CLAIM FOR RELIEF**
                         **(Trademark Infringement (Counterfeiting) )**
17                              **(15 U.S.C. §§ 1114-1117)**

18      70.    SCEA repeats and realleges each and every allegation set forth in the foregoing

19  paragraphs as though fully set forth herein.

20      71.    Without the consent of SCEA, Defendants have willingly and knowingly offered for

21  sale and distributed, in commerce, counterfeit copies of SCEA's video game software, which display

22  the Trademarks when the games are played.

23      72.    Without the consent of SCEA, Defendants have also used in commerce the Trademarks

24  in their offers for sale and distribution of counterfeit copies of SCEA's video game software.

25      73.    Defendants' unauthorized use of the Trademarks is likely, if not certain, to deceive or

26  to cause confusion or mistake among consumers as to the origin or sponsorship of the video game

27  software in violation of 15 U.S.C.§ 1114 (a).

28      74.    SCEA is informed and believes and on that basis alleges that Defendants' infringement

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                        14
Case No. _____

1   of the Trademarks has and continues to be intentional, willful and without regard to SCEA's

2   trademark rights.

3       75.     SCEA is informed and believes and on that basis alleges that Defendants have gained

4   substantial profits by virtue of their infringement of the Trademarks.

5       76.     SCEA will suffer and is suffering irreparable harm from Defendants' infringement of

6   the Trademarks insofar as SCEA's invaluable good will is being eroded by Defendants' continuing

7   infringement of its trademarks.  SCEA has no adequate remedy at law to compensate it for the loss of

8   business reputation, customers, market position, confusion of potential customers and good will

9   flowing from Defendants' counterfeiting activities.  Pursuant to 15 U.S.C. § 1116, SCEA is entitled to

10  an injunction against Defendants' continuing infringement of SCEA's trademarks.

11      77.     SCEA also has sustained damages as a result of Defendants' infringement of SCEA's

12  trademarks in an amount to be proven at trial.

13      78.     Because Defendants' actions have been committed with intent to damage SCEA and to

14  confuse and deceive the public, SCEA is entitled to treble its actual damages or Defendants' profits,

15  whichever is greater, and to an award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. §

16  1117 (a) and 1117 (b).  Alternatively, SCEA is entitled to the maximum statutory damages allowed

17  under 15 U.S.C. § 1117 (c).  SCEA will make its election at the appropriate time before final judgment

18  is rendered.

19
### FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

20      79.     SCEA repeats and realleges each and every allegation set forth in the foregoing

21  paragraphs as though fully set forth herein.

22      80.     By virtue of having used and continuing to use *PaRappa The Rapper*™ and

23  *Patapon*™ in commerce, SCEA has acquired common law rights in the marks.

24      81.     Defendants' acts described herein violate SCEA's trademark rights under California

25  and other common law.

26      82.     SCEA is informed and believes and on that basis alleges that Defendants' actions

27  alleged above are knowing, deliberate, willful and without regard to SCEA's trademark rights.

28      83.     SCEA is informed and believes and on that basis alleges that Defendants have gained

1 │ substantial profits by virtue of their trademark infringement.

2 │     84.    SCEA will suffer and is suffering irreparable harm from Defendants' infringement of

3 │ *PaRappa The Rapper*™ and *Patapon*™ insofar as SCEA's invaluable good will is being eroded by

4 │ Defendants' continuing infringement of its trademarks.  SCEA has no adequate remedy at law to

5 │ compensate it for the loss of business reputation, customers, market position, confusion of potential

6 │ customers and good will flowing from Defendants' infringement.  SCEA is entitled to an injunction

7 │ against Defendants' continuing infringement of these trademarks.

8 │     85.    SCEA also has sustained damages as a result of Defendants' infringement of these

9 │ trademarks in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
### (Federal Unfair Competition)
### (15 U.S.C. §§ 1125)

12 │     86.    SCEA repeats and realleges each and every allegation set forth in the foregoing

13 │ paragraphs as though fully set forth herein.

14 │     87.    Defendants' unauthorized use of SCEA's trademarks in connection with its illegal

15 │ copying of SCEA's video game software and offers to sell such software constitutes unfair

16 │ competition within the meaning of 15 U.S.C.§ 1125 (a).  Defendants' conduct is likely to cause

17 │ confusion, mistake or deception by or in the public as to the affiliation, connection, association, origin,

18 │ sponsorship, or approval of Defendants' counterfeit video game software to the detriment of SCEA

19 │ and in violation of 15 U.S.C. § 1125 (a).

20 │     88.    SCEA is informed and believes and on that basis alleges that Defendants' actions

21 │ alleged above are knowing, deliberate, willful and without regard to SCEA's trademark rights.

22 │     89.    SCEA is informed and believes and on that basis alleges that Defendants have gained

23 │ substantial profits by virtue of their unfair competition.

24 │     90.    SCEA will suffer and is suffering irreparable harm from Defendants' unfair competition

25 │ insofar as SCEA's invaluable good will is being eroded by Defendants' continuing acts of unfair

26 │ competition.  SCEA has no adequate remedy at law to compensate it for the loss of business

27 │ reputation, customers, market position, confusion of potential customers and good will flowing from

28 │ Defendants' unfair competition.  Pursuant to 15 U.S.C. § 1116, SCEA is entitled to an injunction

1 | against Defendants' continuing unfair competition.

2 | 91. SCEA also has sustained damages as a result of Defendants' infringement of SCEA's

3 | unfair competition in an amount to be proven at trial.

4 | 92. SCEA is entitled to treble its actual damages or Defendants' profits, whichever is

5 | greater, and to an award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 (a) and

6 | 1117 (b). Alternatively, SCEA is entitled to the maximum statutory damages allowed under 15 U.S.C.

7 | § 1117 (c). SCEA will make its election at the appropriate time before final judgment is rendered.

8 |

**SIXTH CLAIM FOR RELIEF**
**(Violation of Digital Millennium Copyright Act)**
**(17 U.S.C. § 1201, *et seq.*)**

9 |

10 | 93. SCEA repeats and realleges each and every allegation set forth in the foregoing

11 | paragraphs as though fully set forth herein.

12 | 94. Defendants have directly, or acting in concert with a third party, violated SCEA's

13 | rights under 17 U.S.C. § 1201(a) by manufacturing, offering to the public, providing, trafficking in,

14 | promoting, selling, distributing and/or installing Circumvention Devices that are primarily designed or

15 | produced for the purpose of circumventing a technological measure, or protection afforded by a

16 | technological measure, that effectively control access to the copyrighted video game software and the

17 | PSP® Library Codes. Defendants' services to install the Circumvention Devices are promoted,

18 | offered to the public, trafficked in, sold and distributed by Defendants, and have only limited

19 | commercially significant purposes other than to accomplish these illegal purposes, and are marketed

20 | and sold with knowledge of its circumventing uses.

21 | 95. Defendants have directly, or acting in concert with a third party, violated SCEA's

22 | rights under 17 U.S.C. § 1201(b) by manufacturing, offering to the public, providing, trafficking in,

23 | promoting, selling, distributing and/or installing Circumvention Devices that are primarily designed or

24 | produced for the purpose of circumventing a technological measure, or protection afforded by a

25 | technological measure, that effectively controls access to the copyrighted video game software and the

26 | PSP® Library Codes. Defendants' services to install Circumvention Devices are promoted, offered to

27 | the public, trafficked in, sold and/or distributed by Defendants, and have only limited commercially

28 | significant purposes other than to accomplish these illegal purposes, and are marketed and sold with

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Case No. _____

17

1 | knowledge of their circumventing uses.

2 |     96.    SCEA is informed and believes and on that basis alleges that Defendants' actions are

3 | knowing, deliberate, willful and without regard to SCEA's copyrights.

4 |     97.    SCEA is informed and believes and on that basis alleges that Defendants have gained

5 | substantial profits by virtue of their violation of the Digital Millennium Copyright Act.

6 |     98.    SCEA will suffer and is suffering irreparable harm from Defendants' violation of the

7 | Digital Millennium Copyright Act insofar as the invaluable good will which SCEA has earned from

8 | the development and distribution of its copyrighted software is being eroded by Defendants' unlawful

9 | acts.  SCEA has no adequate remedy at law to compensate it for the loss of business reputation,

10 | customers, market position and good will flowing from Defendants' copying and distribution of

11 | SCEA's copyrighted materials.  Pursuant to 17 U.S.C. § 1203, SCEA is entitled to an injunction

12 | against Defendants' continuing violations of the Digital Millennium Copyright Act.

13 |     99.    SCEA also has sustained damages as a result of Defendants' violation of SCEA's rights

14 | under the Digital Millennium Copyright Act in an amount to be proven at trial.

15 |     100.    SCEA is entitled to recover the actual damages and any profits gained by Defendants

16 | that are attributable to Defendants' violations of the Digital Millennium Copyright Act pursuant to

17 | 17 U.S.C. § 1203 (c) (2).  Alternatively, SCEA is entitled to the maximum statutory damages allowed

18 | under 17 U.S.C. § 1203 (c) (3) based on Defendants' violations of the Digital Millennium Copyright

19 | Act.  SCEA will make its election at the appropriate time before final judgment is rendered.

20 |     101.    SCEA is further entitled to recover its full costs and reasonable attorneys' fees pursuant

21 | to 17 U.S.C. § 1203 (b).

22 | **SEVENTH CLAIM FOR RELIEF**

23 | **(California Unfair Competition)**<br>**(Cal. Bus. & Prof. Code §17200, *et seq.*)**

24 |     102.    SCEA repeats and realleges each and every allegation set forth in the foregoing

25 | paragraphs as though fully set forth herein.

26 |     103.    Defendants' infringement and unfair use of SCEA's video game software and

27 | Trademarks and means of circumventing the Security Mechanism constitute unlawful and unfair

28 | business acts and practices within the meaning of California Business and Professions Code § 17200

1  *et seq.*

2      104.    SCEA is informed and believes and on that basis alleges that Defendants' actions

3  alleged above are knowing, deliberate, willful and without regard to SCEA's intellectual property

4  rights.

5      105.    SCEA is informed and believes and on that basis alleges that Defendants have gained

6  substantial profits by virtue of their unfair competition.

7      106.    SCEA will suffer and is suffering irreparable harm from Defendants' unfair competition

8  insofar as SCEA's invaluable good will is being eroded by Defendants' continuing acts of unfair

9  competition.  SCEA has no adequate remedy at law to compensate it for the loss of business

10  reputation, customers, market position, confusion of potential customers and good will flowing from

11  Defendants' unfair competition.  Pursuant to California Business and Professions Code § 17203,

12  SCEA is entitled to an injunction against Defendants' continuing unlawful and unfair business acts

13  and practices of unfair competition

14      107.    SCEA is entitled to recover amounts by which Defendants have been unjustly enriched

15  from their unlawful and unfair business acts and practices of unfair competition under California

16  Business and Professions Code § 17203.

17                          **EIGHTH CLAIM FOR RELIEF**
18                    **(Equitable Accounting/Constructive Trust)**
                  **(15 U.S.C. § 1117 (a), 17 U.S.C. § 504, Common Law)**

19      108.    SCEA repeats and realleges each and every allegation set forth in the foregoing

20  paragraphs as though fully set forth herein.

21      109.    Defendants' activities as alleged above have violated SCEA's rights in its copyrighted

22  PSP® System video game software and the Trademarks within the meaning of 15 U.S.C. § 1117  and

23  17 U.S.C. § 504.

24      110.    SCEA is informed and believes and on that basis alleges that Defendants have

25  knowingly, intentionally, and in bad faith engaged in the infringement of SCEA's copyrights and

26  trademarks.  Defendants, thereby, fraudulently have converted SCEA's intellectual property rights

27  into Defendants' profits through the sale of counterfeit copies of SCEA's video game software.

28      111.    As a direct result of their infringing activity, Defendants have received unjust profits, to

1   which SCEA is entitled under 15 U.S.C. § 1117, 17 U.S.C. § 504 and principles of equity.

2       112.    SCEA has no adequate remedy at law and is entitled to an injunction, an accounting,

3   imposition of a constructive trust, as well as damages.

4   **PRAYER FOR RELIEF**

5       WHEREFORE, SCEA prays as follows:

6       1.    That the Court enter judgment in favor of SCEA and against Defendants on all counts;

7       2.    That the Court enter a preliminary and permanent injunction order enjoining and

8   restraining Defendants and their agents, servants, employees, successors and assigns, and all other

9   persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

10       a.    directly infringing, contributorily infringing or authorizing infringement of any

11   of SCEA's copyrights, including SCEA's copyrights in the video game software and the Library

12   Codes;

13       b.    infringing or violating SCEA's trademark rights under the Lanham Act, 15

14   U.S.C. §§ 1114 and 1125;

15       c.    directly or contributorily violating SCEA's rights under the Digital Millennium

16   Copyright Act, 17 U.S.C. § 1201;

17       d.    continuing to market, offer, sell, transfer, advertise, promote, develop,

18   manufacture, import, provide or otherwise traffic in any products that circumvent the technical

19   measures SCEA employs to protect its rights and access to its video game software and PSP®

20   Library Codes;

21       e.    continuing to market, offer, sell, transfer, advertise, promote, develop or

22   manufacture any products that infringe or contribute to the infringement of SCEA's intellectual

23   property rights, including its rights in the copyrighted video game software and the Library Codes,

24   or to participate in or facilitate any such activity;

25       f.    moving, discarding, destroying, selling, transferring, or otherwise disposing of

26   the Circumvention Devices, or any other devices that circumvent SCEA's copyright protection

27   scheme or that infringe or contribute to the infringement of SCEA's intellectual property rights,

28   including, but not limited to, its copyrights and trademarks;

1          g.      moving, discarding, destroying, selling, transferring, or otherwise disposing of

2    any infringing copies of video game software, business records, emails, labels, wrappers, stickers,

3    signs, sales materials, advertising materials, or promotional materials relating to any devices that

4    infringe or contribute to the infringement of SCEA's intellectual property rights, including, but not

5    limited to, its copyrights and trademarks;

6          h.      advertising or selling modified consoles or otherwise infringing, diluting, or

7    disparaging any of SCEA's trademarks;

8          i.      engaging in any other activity constituting unfair competition and deceptive

9    trade practices against SCEA, or constituting an infringement or contributory infringement of

10   SCEA's intellectual property, or constituting any damage to SCEA's intellectual property,

11   reputation or goodwill.

12       3.      That Defendants be required to deliver to SCEA, to be held for destruction or other

13   disposition at the conclusion of this litigation, any and all computer hardware and peripherals

14   containing infringing material, the Circumvention Devices including specially modified batteries that

15   allow the game consoles to play unauthorized copies of SCEA's video game software, hard disc drives

16   containing infringing material, computer software, memory sticks or software, inventory of

17   CD-ROMs, computer diskettes or the like, packaging, labels, promotional, or advertising material or

18   other materials bearing unauthorized copies of the interactive software products or any of SCEA's

19   trademarks, or any copy, simulation, variation or colorable imitation thereof;

20       4.      That judgment be entered in favor of SCEA and against Defendants based upon

21   Defendants' violation of the Copyright Act, 17 U.S.C. §501, *et seq.*;

22       5.      That judgment be entered in favor of SCEA and against Defendants for actual damages

23   sustained by SCEA based upon Defendants' copyright infringement under the Copyright Act as

24   authorized by 17 U.S.C. §504 (b);

25       6.      That judgment be entered in favor of SCEA and against Defendants for all profits

26   received due to Defendants' copyright infringement in violation of the Copyright Act as authorized by

27   17 U.S.C. § 504 (b);

28

7.     That judgment be entered in favor of SCEA and against Defendants for the maximum allowed statutory damages based upon Defendants' willful acts of copyright infringement under the Copyright Act as authorized by 17 U.S.C. § 504 (c);

8.     That judgment be entered in favor of SCEA and against Defendants based upon Defendants' violation of SCEA's rights under common law and the Lanham Act, 15 U.S.C. §§ 1114 and 1125;

9.     That judgment be entered in favor of SCEA and against Defendants for an award of three times Defendants' profits or SCEA's damages, whichever is greater, based upon Defendants' trademark counterfeiting under the Lanham Act as authorized by 15 U.S.C. §1117 (a) and (b);

10.    That judgment be entered in favor of SCEA and against Defendants for the maximum allowed statutory damages based upon Defendants' trademark counterfeiting in violation of the Lanham Act as authorized by 15 U.S.C. §1117 (c);

11.    That judgment be entered in favor of SCEA and against Defendants for unfair competition under the Lanham Act, 15 U.S.C. § 1125 (a);

12.    That judgment be entered in favor of SCEA and against Defendants for an award of three times Defendants' profits or SCEA's damages, whichever is greater, based upon Defendants' unfair competition under the Lanham Act as authorized by 15 U.S.C. §1117 (a) and (b);

13.    That judgment be entered in favor of SCEA and against Defendants for the maximum allowed statutory damages based upon Defendants' unfair competition under the Lanham Act as authorized by 15 U.S.C. §1117 (c)

14.    That judgment be entered in favor of SCEA and against Defendants based upon Defendants' violation of the Digital Millennium Copyright Act, 17 U.S.C. §1201, *et seq.*;

15.    That judgment be entered in favor of SCEA and against Defendants for actual damages suffered by SCEA based upon Defendants' violation of the Digital Millennium Copyright Act as authorized by 17 U.S.C. §§1203 (c) (2);

16.    That judgment be entered in favor of SCEA and against Defendants for all profits received due to Defendants' violation of the Digital Millennium Copyright Act as authorized by 17 U.S.C. §§ 1203 (c) (2);

1     17.    That judgment be entered in favor of SCEA and against Defendants for the maximum

2    allowed statutory damages based upon Defendants' violation of the Digital Millennium Copyright Act

3    as authorized by 17 U.S.C. §§ 1203 (c) (3);

4     18.    That judgment be entered in favor of SCEA and against Defendants for unfair

5    competition under California Business & Professions Code §17200, *et seq*.

6     19.    That the Court issue an order requiring Defendants to pay as restitution to SCEA all

7    sums both gained by Defendants and lost by SCEA as a result of Defendants' unfair business

8    practices, as authorized by California Business & Professions Code §17203;

9     20.    That the Court order injunctive relief and restitution pursuant to California Business &

10    Professions Code §17203;

11     21.    That the Court impose a constructive trust on all Defendants' funds and assets that arise

12    out of Defendants' infringing activities and require an accounting of and disgorgement to SCEA of

13    such assets;

14     22.    That the Court issue an order requiring Defendants to file with this Court and serve on

15    SCEA within thirty (30) days after service of an injunction a report, in writing, under oath, setting

16    forth in detail the manner and form in which Defendants have complied with the injunction;

17     23.    That the Court award SCEA its reasonable attorneys' fees and costs of suit incurred

18    herein pursuant to 17 U.S.C. §505, §1203 (b), and 15 U.S.C. §1117 (a) and (b).

19     24.    That the Court award SCEA prejudgment and post-judgment interest on the above

20    damages awards; and

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1       25.    That SCEA be awarded such other and further relief as the Court deems just and

2 proper.

3

4 DATED:  August 19, 2008          Respectfully submitted,

5                                     TOWNSEND AND TOWNSEND AND CREW LLP

6

7                                       By:_____

8                                         JAMES G. GILLILAND, JR.

9                                         TIMOTHY R. CAHN
                                        HOLLY GAUDREAU

10                                     Attorneys for Plaintiff
                                    SONY COMPUTER ENTERTAINMENT AMERICA INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

Plaintiff Sony Computer Entertainment America Inc. hereby demands a jury trial on all issues so triable.

DATED:  August 19, 2008

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: _____
JAMES G. GILLILAND, JR.
TIMOTHY R. CAHN
HOLLY GAUDREAU

Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA INC.

61363853 v1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. _____