| | |
|---|---|
| 1 | TOWNSEND AND TOWNSEND AND CREW LLP |
| | JAMES G. GILLILAND, JR. (State Bar No. 107988) |
| 2 | jggilliland@townsend.com |
| | TIMOTHY R. CAHN (State Bar No. 162136) |
| 3 | trcahn@townsend.com |
| | HOLLY GAUDREAU (State Bar No. 209114) |
| 4 | hgaudreau@townsend.com |
| | Two Embarcadero Center, 8th Floor |
| 5 | San Francisco, California 94111 |
| | Telephone: (415) 576-0200 |
| 6 | Facsimile: (415) 576-0300 |
| 7 | JENNIFER Y. LIU (State Bar No. 164618) |
| | jennifer_liu@playstation.sony.com |
| 8 | SONY COMPUTER ENTERTAINMENT AMERICA INC. |
| | 919 East Hillsdale Boulevard, 2nd Floor |
| 9 | Foster City, California 94404 |
| | Telephone: (650) 655-8000 |
| 10 | Facsimile: (650) 655-8042 |
| 11 | Attorneys for Plaintiff |
| | SONY COMPUTER ENTERTAINMENT AMERICA INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY COMPUTER ENTERTAINMENT AMERICA INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL GARCIA a/k/a GABRIEL GARCIA PALACIOS, an individual, d/b/a GABE'S REPAIR/HOME NETWORKING AND VIDEO GAME MOD SERVICE; TIMOTHY JOEY ZOUCHA, JR., an individual; DOES 1-20 inclusive,<br><br>Defendants. | Case No.   C08-03954 SI<br><br>**FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION AS TO DEFENDANT GABRIEL GARCIA**<br><br>Hon. Susan Illston |

On August 19, 2008, Plaintiff Sony Computer Entertainment America Inc. ("Plaintiff" or "SCEA") filed a Complaint against Defendant Gabriel Garcia ("Defendant") and others. SCEA alleges that Defendant and others, have advertised, offered for sale, copied, distributed, and sold copied or counterfeit video game software for use with PSP® (PlayStation® Portable) devices. SCEA also alleges that Defendant and others have advertised, offered for sale and sold services for the modification of PSP® devices to enable the downloading and playing of copied or counterfeit video game software. These activities violate federal copyright laws, including the Digital Millennium Copyright Act, federal trademark and unfair competition laws, and California law prohibiting unfair competition and unfair business practices.

SCEA and Defendant have agreed to a settlement of this dispute between them. As a part of that settlement, Defendant and SCEA have agreed to the entry of final judgment upon the following stipulated facts. Each party has waived the right to appeal from this final judgment. Each party will bear its own fees and costs in connection with this action. Should judicial enforcement of any of the terms of this agreement become necessary in the future, the prevailing party will be entitled to its attorneys' fees and costs.

## I.  STIPULATED FACTS AND CONCLUSIONS

1. This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over each of the parties for the purposes of this action. Venue is proper in this Court.

2. SCEA is engaged in the business of marketing and distributing the PlayStation® family of computer entertainment systems. Among the many products SCEA sells is the PSP® (PlayStation® Portable) handheld entertainment system (the "PSP® System"), a highly sophisticated apparatus that, in conjunction with compatible video game software, realistically simulates three-dimensional action.

3. The PSP® System contains technological copyright protection measures that control access to works protected under the Copyright Act, 17 U.S.C. §101, *et seq.*, and protect the rights of the copyright owners of those works.

4. SCEA, in conjunction with affiliated companies, develops and publishes video game software for the PSP® System, and SCEA has registered its copyrights in video game software

developed by or for SCEA. These games embody a large amount of audiovisual material, stories, and characters that are wholly original to SCEA and are copyrightable subject matter pursuant to 17 U.S.C. § 102. SCEA's copyrighted works are referred to collectively as the "SUBJECT WORKS."

5. SCEA is the exclusive licensee of trademarks for "PSP" and "Sony Computer Entertainment" ("PSP® Trademarks"), and also either owns or is the exclusive licensee of trademarks for the titles of many of its games. The trademarked game titles are displayed on the screen when the games are played on the PSP® console. The PSP® Trademarks are also displayed when a game is played.

6. Defendant has distributed, reproduced, promoted, marketed, offered for sale to the public and sold copies of SCEA's video game software that SCEA alleges, and Defendant neither admits nor denies, violate SCEA's exclusive rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Lanham Act, 15 U.S.C. §§1114 and 1125.

7. Defendant has also marketed, offered to the public, provided, trafficked in, promoted, sold, distributed and installed technology, products, services and devices – including specially modified batteries, and installation services that modify PSP® devices – all of which SCEA alleges, and Defendant neither admits nor denies, impermissibly circumvent the PSP® System technological security measures in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, and contribute to copyright infringement of the SUBJECT WORKS under 17 U.S.C. § 101 *et seq.*

8. Specially modified batteries circumvent the technological copyright protection measures in the PSP® System and allow users to play copied PSP® video game software. Illegal unauthorized copies of SCEA's video game software will not play on an unmodified PSP® console, but if the specially modified battery is installed and used in conjunction with games copied on a memory stick, then such illegal copies will play. Thus, the primary function of the specially modified batteries is to circumvent the technological copyright protection measures SCEA has implemented to protect copyrighted works, including its SUBJECT WORKS.

9. SCEA alleges, and Defendant neither admits nor denies, that Defendant's PSP® modification services, which Defendant has promoted, offered to the public, sold and distributed, are designed or produced primarily to bypass the technological copyright protection measures in the

PSP® System and to play unauthorized copies of PSP® video game software, thus infringing SCEA's intellectual property rights, and have only limited commercially significant purposes other than to accomplish these infringements.

10. SCEA further alleges, and Defendant neither admits nor denies, that Defendant's activities encourage illegal copying, eliminate the need for users to purchase the video game software, and constitute unlawful and unfair business acts and practices under California Business & Professions Code § 17200 *et seq.*

## II. ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED** by consent of Defendant and SCEA that Defendant, whether as an individual or as a principal, officer, director or employee of any business entity, and his agents, servants, employees, and any and all persons in active concert or participation with him who receive notice of this Judgment, shall be and hereby is permanently enjoined and restrained from:

    A. Advertising, offering, selling, and/or distributing services for the modification, "modding," or "unbricking" of PSP® devices, or any other computer entertainment systems distributed by SCEA.

    B. Advertising, offering, selling, and/or distributing software and hardware, including batteries or other devices, used for the modification, "modding," or "unbricking" of PSP® devices, or any other computer entertainment systems distributed by SCEA.

    C. Advertising, offering, selling, and/or distributing modified or "unbricked" PSP® devices, or any other modified computer entertainment systems distributed by SCEA.

    D. Advertising, offering, selling, and/or distributing copied, downloaded, or counterfeit videogame software playable on PSP® devices or any other computer entertainment systems distributed by SCEA, including without limitation, the video game titles identified at paragraphs 41 and 47 of the Complaint.

    E. Assisting, facilitating or encouraging others to engage in the conduct set forth above in A-D in violation of the Permanent Injunction.

///

**IT IS FURTHER ORDERED AND ADJUDGED** that in the event that Defendant violates the Permanent Injunction or assists others to do so, Defendant shall pay to SCEA $25,000 in violation of the injunction as liquidated damages no later than forty-five (45) days from the date on which SCEA notifies Defendant of the violation. Such liquidated damages shall be an optional alternative to demonstrating actual damages. This optional alternative may be elected in SCEA's sole discretion. Both liquidated damages and actual damages are supplemental to obtaining equitable relief to which SCEA may be entitled as a result of Defendant's violation.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment Upon Consent and Permanent Injunction As To Defendant Gabriel Garcia, the enforcement thereof, or the punishment of any violations thereof.

**IT IS FURTHER ORDERED AND ADJUDGED** that the prevailing party in any proceeding to enforce the terms of this Final Judgment Upon Consent and Permanent Injunction As To Defendant Gabriel Garcia shall be entitled to an award of its attorneys' fees and costs.

The undersigned hereby stipulate to the above facts and conclusions and consent to the entry of this Final Judgment Upon Consent and Permanent Injunction As To Defendant Gabriel Garcia, which may be signed in counterparts. Signatures can be obtained and exchanged by facsimile.

**IT IS SO STIPULATED.**

DATED: August 21, 2009

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: _____
TIMOTHY R. CAHN
HOLLY GAUDREAU

Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA INC.

DATED: August ___, 2009

By: _____
GABRIEL GARCIA

FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION AS TO DEFENDANT GABRIEL GARCIA
Case No. C08-03954 SI

- 4 -

PURSUANT TO STIPULATION, IT IS SO ORDERED AND ADJUDGED.

DATED: _____     _____
                            HON. SUSAN ILLSTON

62168954 v1

FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION AS TO DEFENDANT GABRIEL GARCIA   - 5 -
Case No. C08-03954 SI

townsend.

**PROOF OF SERVICE**
[C.C.P. §§ 1011 and 1013, C.R.C. § 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

I declare that I am employed in the City and County of San Francisco, California; I am over the age of 18 years and not a party to the within action; my business address is Two Embarcadero Center, Eighth Floor, San Francisco, California 94111. On the date set forth below, I served a true and accurate copy of the document(s) entitled: **FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION AS TO DEFENDANT GABRIEL GARCIA** on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

Timothy Joey Zoucha, Jr.
228 – 36th Avenue, Apt. B
San Mateo, CA 94403

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐ [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☐ [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address(es) indicated for the party(ies) listed above.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: August 27, 2009

_____
Shelley Lott

PROOF OF SERVICE OF MINUTES FROM JUNE 19, 2009 CASE MANAGEMENT CONFERENCE
Case No. C 08-03954 SI